## MINOR v. ERVING'S EXECUTORS.

THIS was an action of book debt.   The case, as stated in the pleadings and found by the jury, was this:— On the 11th day of July, A. D. 1782, the testator covenanted with the plaintiff to sell him a certain lot of land; and in consideration thereof, the plaintiff paid the sum of £12; and took the following writing: — "Received of Ephraim Minor, £12, in part of my water lot, in the town of New London, which I have this day sold him for £900 — £300 of which is to be paid, in money, in the course of two months, and the residue, being £600 to be secured by a mortgage of the premises."

Minor took immediate possession of the land, by the consent of Erving, who, at the same time, advised him to erect a house, and make other improvements upon it, assuring him, that in case he should fail to make payment, so as to acquire a title, he should not lose the betterment so made.

Minor failed to make payment, so as to acquire a title to the land; and an action of ejectment being brought against him, he brought this action of book debt, for the labor, ma-

terials, etc. laid out and expended in erecting buildings upon said land.

These facts being pleaded, and found by the jury; and a verdict for the plaintiff — Mr. Coit moved in arrest of judgment, assigning for cause:—

1. That from the facts disclosed in the pleadings, it appears, the plaintiff's demand arose out of a special contract, made between him and the deceased, and committed to writing: That if anything was due to the plaintiff, he ought to have brought his special action, or bill in equity, for the case stated will not support an action on book.

2. That the issue put to the jury is totally immaterial and improper.

By the COURT. If the betterments made by the plaintiff on the defendants' land, were done for his benefit, and at his request (as the jury have found) he thereby became liable; and an account thereof might be charged on book, and a recovery had in this action.

As to the issue being immaterial — the allegation, that the betterments were made by the direction of the deceased (whereby he became indebted to the plaintiff) was material; and that part of the issue being found, entitles the plaintiff to a recovery.

Note.— Chief Justice Law, excused himself from judging in this case.